IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA
MAY 11 2010
MICHAEL S. RICHIE
CLERK

| | |
|---|---|
| J.C. and ALICE HILL, | ) |
| Plaintiffs, | ) |
| v. | ) |
| MARATHON OIL COMPANY, | ) |
| Defendant. | ) |
| J.C. and ALICE HILL, | ) |
| Plaintiffs, | ) |
| v. | )  No. 108,098 |
| KAISER-FRANCIS OIL COMPANY, | ) |
| Defendant. | ) |
| NAYLOR FARMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| ANADARKO OGC COMPANY; QUESTAR EXPLORATION and PRODUCTION COMPANY; DUKE ENERGY FIELD SERVICES, INC.; and DCP MIDSTREAM LP, | ) |
| Defendants. | ) |

EXHIBIT 1

**ORDER**

¶1 In an order filed with this Court on March 11, 2010, the United States District Court for the Western District of Oklahoma certified three questions under the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2001 §§1601, *et seq.* As certified, the questions ask:

> "1. When is gas 'marketable' or how is the term 'marketable' defined for purposes of determining when gas becomes a 'marketable product' and whether production and post-production costs were incurred to make the gas 'marketable' or were incurred to enhance the value of an already marketable product? *See Mittelstaedt v. Sante Fe Minerals, Inc.*, 1998 OK 7, 954 P.2d 1203.
>
> 2. Does the answer to question No. 1 necessarily depend on whether there is a market for the gas in its then existing form? *I.e.*, if there exists at least one purchaser willing to purchase the gas in its then-existing form, whatever that may be and even if the gas is in its raw, unprocessed form, is the gas properly considered marketable?
>
> 3. Because the implied duty to market includes the obligations of gathering, compression, dehydration, processing and treating necessary to make gas marketable, may a lessee-producer indirectly pay a midstream purchaser to perform these services by agreeing to accept as a purchase price from the midstream purchaser a percentage of what the midstream purchaser receives after such services have been performed from the sale of an interstate pipeline (or alternatively the amount the midstream purchaser receives from sale to an interstate pipeline minus a fee charged by the midstream purchaser for the services it has performed) and then in effect pass the costs of the services performed by the midstream purchaser on to royalty owners by paying royalty based only on what the lessee/producer actually receives from the midstream purchaser?"

¶2 Upon consideration of all filings by the parties to the three causes

involved and to materials filed by the various *amici curie*, WE DETERMINE THAT:

1) The federal court has refused to certify questions virtually identical to those presented here on grounds that sufficient direction existed in Oklahoma case law to allow the instruction of fact finders.

2) This Court's opinion in Mittelstaedt v. Santa Fe Minerals, Inc., 1998 OK 7, 954 P.2d 1203 and the cases cited and analyzed therein provide guidance sufficient to the federal court to address the questions presented.

3) We may exercise our discretion to decline to answer a question certified pursuant to 20 O.S. 2001 §1602. See also, Ball v. Wilshire Ins. Co., 2007 OK 80, 184 P.3d 463; Scottsdale Ins. Co. v. Tolliver, 2005 OK 93, 127 P.3d 611; Hammock v. United States, 2003 OK 77, 78 P.3d 93; Bituminous Casualty Corp. v. Cowen Constr. Co., 2002 OK 34, 55 P.3d 1030, 106 A.L.R. 5th 713; Cray v. Deloitte Haskins & Sells, 1996 OK 102, 925 P.2d 60.

4) There being controlling Oklahoma precedent on the questions certified, we respectfully decline to answer the questions presented. Scottsdale Ins. Co. v. Tolliver, supra.

¶3 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT there being controlling Oklahoma precedent on the questions certified sufficient to allow the federal court to instruct the fact finder, we respectfully decline to answer the questions presented.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE

THIS 10th DAY OF MAY, 2010.

  _____
           CHIEF JUSTICE

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, WATT, WINCHESTER, COLBERT, AND REIF, JJ. -- CONCUR

OPALA, J. -- DISSENTS

KAUGER, J. -- NOT PARTICIPATING