## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

NAYLOR FARMS, INC.,

        Plaintiff,

v.

        **Case No. CIV-08-668-R**

ANADARKO OGC COMPANY, AS
SUCCESSOR IN INTEREST TO
UNION PACIFIC OIL AND GAS, INC.;
QUESTAR EXPLORATION AND
PRODUCTION CO.; GPM GAS
CORPORATION; DUKE ENERGY
FIELD SERVICES, INC.; DCP
MIDSTREAM, L.P,

        Defendants.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

    Defendant, QEP Energy Company (f/k/a Questar Exploration and Production Company), submits the following proposed jury instructions to be used in the trial of this cause.

## INSTRUCTION NO. 1:

## INTRODUCTORY STATEMENT OF THE CASE

Plaintiff, Naylor Farms, Inc. ("Naylor"), is the representative of a class comprised of royalty owners in eighteen (18) wells operated by QEP Energy Company ("QEP"). Naylor and the class members are parties to oil and gas leases with QEP and others that govern how royalty should be paid. Gas produced from the eighteen (18) wells is sold at the well to DCP Midstream ("DCP") under various gas purchase contracts commonly referred to as "percentage of proceeds" ("POPs") contracts. QEP paid Naylor and the class members royalty based on the actual price that QEP received for the gas from DCP without deductions except for production taxes as required by law and, where applicable to non-residents, withholding for income taxes. Naylor and the class members assert that they are entitled to a higher price. The Court has issued a number of rulings in this case, including a ruling that class members with certain provisions in their oil and gas lease have been properly paid. The Court has also ruled that Naylor and certain class members have been underpaid. The jury is being asked to determine the amount, if any, of actual damages to be awarded to Naylor and a portion of the class. The jury is also being asked to determine issues related to QEP's defense of statute of limitations.

**AUTHORITY:**  Pretrial Order

**GIVEN:**  _____

**REFUSED:**  _____

**MODIFIED:**  _____

1308407.1:820215:01410

**INSTRUCTION NO. 2:**

OPENING INSTRUCTIONS

Members of the jury, we are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue are called the plaintiffs. In this action, the Plaintiff is Naylor Farms. The parties being sued are called the defendants. In this action, the Defendant is QEP Energy Company, f/k/a Questar Exploration and Production Co.

You will sometimes hear me refer to "counsel." Counsel is another way of saying lawyer or attorney. I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

- 3 -

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this trial. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

- 4 -

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**AUTHORITY:**   Federal Jury Practice and Instructions § 101.01
**GIVEN:**               _____
**REFUSED:**           _____
**MODIFIED:**         _____

## INSTRUCTION NO. 3:

### ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiff will present evidence in support of its claims and Defendant's lawyers may cross-examine the witnesses. At the conclusion of Plaintiff's case, Defendant's lawyer may introduce evidence and Plaintiff's lawyers may cross-examine the witnesses. Defendant is not required to introduce any evidence or to call any witnesses. If Defendant introduces evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. The Plaintiffs have the right to open and to close the argument.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**AUTHORITY:**     Federal Jury Practice and Instructions § 101.02
**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____

1308407.1:820215:01410

**INSTRUCTION NO. 4:**

PROVINCE OF COURT AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts.

I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**AUTHORITY:**    Federal Jury Practice and Instructions § 101.10
**GIVEN:**         _____
**REFUSED:**       _____
**MODIFIED:**      _____

1308407.1:820215:01410

## INSTRUCTION NO. 5:

### JURY CONDUCT

To insure fairness, you must obey the following rules:

<u>First</u>:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

<u>Second</u>:  Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and friends.  You may tell people that you are a juror, but do not tell them anything else about the case.

<u>Third</u>:  Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

<u>Fourth</u>:  During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

<u>Fifth</u>:  Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

<u>Sixth</u>:  Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

<u>Seventh</u>:  Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all of the evidence.

<u>Eighth</u>:  If you need to tell me something, simply give a signed note to the bailiff to give to me.

**AUTHORITY:**     Federal Jury Practice and Instructions § 101.11
**GIVEN:**          _____
**REFUSED:**        _____
**MODIFIED:**       _____

1308407.1:820215:01410

## INSTRUCTION NO. 6:

COURT'S QUESTIONS TO WITNESSES

During the trial, I may occasionally ask a witness questions. Please do not assume that I have any opinion about the subject matter.

**AUTHORITY:**     Federal Jury Practice and Instructions § 101.30

**GIVEN:**         _____

**REFUSED:**       _____

**MODIFIED:**      _____

1308407.1:820215:01410

**INSTRUCTION NO. 7:**

BENCH CONFERENCES

From time to time it may be necessary for me to talk to the lawyers out of your hearing.   The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.   The lawyers and I will do what we can to limit the number and length of these conferences.

**AUTHORITY:**   Federal Jury Practice and Instructions § 101.31
**GIVEN:**            _____
**REFUSED:**        _____
**MODIFIED:**      _____

1308407.1:820215:01410

## INSTRUCTION NO. 8:

### EVIDENCE IN THE CASE

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you on a television set from a video-tape player. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proven.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely disregarded.

1308407.1:820215:01410

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**AUTHORITY:**   Federal Jury Practice and Instructions § 101.40
**GIVEN:**   _____
**REFUSED:**   _____
**MODIFIED:**   _____

1308407.1:820215:01410

**INSTRUCTION NO. 9:**

COURT'S COMMENTS TO COUNSEL

It is the duty of the Court to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**AUTHORITY:**   Federal Jury Practice and Instructions § 102.70

**GIVEN:**   _____

**REFUSED:**   _____

**MODIFIED:**   _____

1308407.1:820215:01410

**INSTRUCTION NO. 10:**

ALL PARTIES EQUAL BEFORE THE LAW

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

**AUTHORITY:**   Federal Jury Practice and Instructions § 103.12

**GIVEN:**        _____

**REFUSED:**      _____

**MODIFIED:**     _____

1308407.1:820215:01410

## INSTRUCTION NO. 11:

### NOTE TAKING BY JURORS

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**AUTHORITY:**   Federal Jury Practice and Instructions § 101.13
**GIVEN:** _____
**REFUSED:** _____
**MODIFIED:** _____

## INSTRUCTION NO. 12:

### DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**AUTHORITY:**   Federal Jury Practice and Instructions § 101.43
**GIVEN:**    _____
**REFUSED:**    _____
**MODIFIED:**    _____

1308407.1:820215:01410

## INSTRUCTION NO. 13:

### EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**AUTHORITY:**   Federal Jury Practice and Instructions § 104.40
**GIVEN:**        _____
**REFUSED:**      _____
**MODIFIED:**     _____

- 19 -

## INSTRUCTION NO. 14:

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence; but which witness and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**AUTHORITY:**      Federal Jury Practice and Instructions § 104.54

**GIVEN:**            _____

**REFUSED:**          _____

**MODIFIED:**         _____

1308407.1:820215:01410

**INSTRUCTION NO. 15:**

DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, demeanor of manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.

Also, consider any relation each witness may have to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or

- 21 -

an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**AUTHORITY:**   Federal Jury Practice and Instructions § 105.01

**GIVEN:**        _____

**REFUSED:**      _____

**MODIFIED:**     _____

1308407.1:820215:01410

**INSTRUCTION NO. 16:**

IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, that you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**AUTHORITY:**   Federal Jury Practice and Instructions § 105.04

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

## INSTRUCTION NO. 17:

### EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**AUTHORITY:**   Federal Jury Practice and Instructions § 105.09
**GIVEN:**      _____
**REFUSED:**    _____
**MODIFIED:**   _____

1308407.1:820215:01410

## INSTRUCTION NO. 18:

### ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**AUTHORITY:**    Federal Jury Practice and Instructions § 105.11

**GIVEN:**          _____

**REFUSED:**       _____

**MODIFIED:**      _____

1308407.1:820215:01410

**INSTRUCTION NO. 19:**

DEFINITION OF ROYALTY AND WORKING INTEREST OWNER

Class members are mineral owners who own oil and gas minerals underlying certain properties.  A mineral owner may sign an oil and gas lease whereby the mineral owner is paid a royalty on gas produced based upon the language of the royalty clause in the lease.  The party to whom the minerals are leased is the working interest owner.  In this case, QEP is the lessee or working interest owner.

**AUTHORITY:**   52 Okla. Stat. § 570.2; *O'Neill v. Am. Quasar Petroleum Co.*,
                      617 P.2d 181, 184 (Okla. 1980).

**GIVEN:**          _____

**REFUSED:**       _____

**MODIFIED:**      _____

1308407.1:820215:01410

**INSTRUCTION NO. 20:**

OIL AND GAS LEASE – DEFINITION

An oil and gas lease is a contract between the class member owners and QEP under which QEP receives the right to produce all of the gas in return for payment of royalties to class members in accordance with the terms of the lease contract.   QEP's obligations to the class members are governed by the oil and gas leases.

The issues in this case concern royalties on natural gas, not royalties on oil.  The gas royalty clause of the oil and gas lease specifically addresses how the royalty payment on natural gas is to be calculated.

**AUTHORITY:**   The leases in this case

**GIVEN:**          _____

**REFUSED:**      _____

**MODIFIED:**    _____

1308407.1:820215:01410

## INSTRUCTION NO. 21:

### INTERPRETATION OF OIL AND GAS LEASE

QEP's royalty obligation is determined by the leases and specifically the gas royalty clauses. A lease is to be construed to ascertain the intent of the parties as reflected in the plain language of the leases.

To ascertain the intent of the parties, you must first start with the language of the royalty clauses of the oil and gas leases. You may also consider the circumstances existing and surrounding the execution of the leases. You can also consider custom and usage in determining the parties' intent.

The oil and gas leases at issue pertain to wells in and are to be interpreted under Oklahoma law.

AUTHORITY:   *Roye Realty & Developing, Inc. v. Watson*, 2 P.3d 320, 329
(Okla. 1996);
*Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, 954 P.2d
1203;
*Oxley v. General Atlantic Res.*, 1997 OK 46, 936 P.2d 943, 946

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

## INSTRUCTION NO. 22:

## IMPLIED COVENANTS

For an implied obligation to be imposed on the lessee under an oil and gas lease the obligation must arise from the intent of the parties as gathered from the language of the lease and it must have been so clearly within the contemplation of the parties that they found it unnecessary to express it.

**AUTHORITY:** *Indian Territory Illuminating Oil Co. v. Rosamond*, 120 P.2d 349 (Okla. 1941); *Mercury Investment Co. v. F.W. Woolworth Co.*, 706 P.2d 523 (Okla. 1985)

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

## INSTRUCTION NO. 23:

### CHECK STUBS

The following information for each well and month in which the gas is sold shall be included with each payment made to an interest owner from the sale of oil or gas:

1.     Lease or well identification;

2.     Month and year of sales included in the payment;

3.     Total barrels or MCF attributed to such payment;

4.     Price per barrel or MCF, including British Thermal Unit adjustment of gas sold;

5.     Total amount attributed to such payment of severance and other production taxes, with the exception of windfall profit tax;

6.     Net value of total sales attributed to such payment after taxes are deducted;

7.     Owner's interest, expressed as a decimal, in production from the property;

8.     Owner's share of the total value of sales attributed to such payment prior to any deductions;

9.     Owner's share of the sales value attributed to such payment less owner's share of the production and severance taxes; and

10.     A specific listing of the amount and purpose of any other deductions from the proceeds attributed to such payment due to the owner upon request by the owner.

**AUTHORITY:**   Okla. Stat. tit. 52, § 570.12

**GIVEN:**          _____

**REFUSED:**      _____

**MODIFIED:**     _____

1308407.1:820215:01410

**INSTRUCTION NO. 24:**

BREACH OF CONTRACT

A contract is breached or broken when a party does not do what [he/she/it] promised to do in the contract.

**AUTHORITY:** OUJI (3d) CIV. No. 23.21

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

1308407.1:820215:01410

**INSTRUCTION NO. 25:**

ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT

Plaintiff is required to prove by the greater weight of the evidence the following in order to recover on the claim for breach of contract against Defendant:

1.      Formation of a contract between Plaintiff and Defendant;

2.      Defendant breached the contract by underpayment of royalty on natural gas production;

3.      Plaintiff suffered damages as a direct result of the breach.

**AUTHORITY:**   OUJI (3d) CIV. No. 23.1

**GIVEN:**         _____

**REFUSED:**       _____

**MODIFIED:**      _____

1308407.1:820215:01410

**INSTRUCTION NO. 26:**

GENERAL MEASURE OF DAMAGES

If you decide for Plaintiff on its claim for breach of contract, you must then fix the amount of its damages. This is the amount of money that is needed to put it in as good a position as it would have been if the contract had not been breached.

**AUTHORITY:**   OUJI (3d) CIV No. 23.51

**GIVEN:**          _____

**REFUSED:**      _____

**MODIFIED:**     _____

- 33 -

**INSTRUCTION NO. 27:**

BREACH OF FIDUCIARY DUTY - DAMAGES

A person who breaches a fiduciary duty owed to another person is liable for the harm that was directly caused by the breach.  If you decide that Defendant breached a fiduciary duty to Plaintiff and Plaintiff has suffered harm as a direct result, you must then fix the amount of its damages.  This is the amount of money that will reasonably and fairly compensate it for the harm directly caused by Defendant.

**AUTHORITY:**   OUJI (3d) CIV. No. 26.5

**GIVEN:**     _____

**REFUSED:**     _____

**MODIFIED:**     _____

1308407.1:820215:01410

**INSTRUCTION NO. 28:**

CONCEALMENT

In order for Plaintiff to prove concealment by QEP of information not contained on check stubs, you must find that all of the following have been established:

1.     That Defendant made a material representation;

2.     That it was false;

3.     That Defendant made it when it knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4.     That Defendant made it with the intention that it should be acted upon by Plaintiff;

5.     That Plaintiff acted in reliance upon it; and

6.     That Plaintiff thereby suffered injury.

**AUTHORITY:**   OUJI (3d) CIV. No. 18.1 (modified)

**GIVEN:**        _____

**REFUSED:**      _____

**MODIFIED:**     _____

**INSTRUCTION NO. 29:**

**EXEMPLARY OR PUNITIVE DAMAGES –
MATTER OF FIRST IMPRESSION**

Where an issue is unsettled in the law, a person or company has the right to have that issue decided in a court of law. Having that issue decided by the court does not constitute reckless disregard of another's rights or intentional and malicious conduct towards another which would justify an award of punitive damages.

**AUTHORITY:** *Voiles v. Santa Fe Minerals, Inc.,* 1996 OK 13, 911 P.2d 1205, *Dotson v. Rainboldt,* 894 P.2d 1109, 1115 (Okla. 1995); *Flores v. Carnival Cruise Lines,* 47 F.3d 1120, 1127 (11th Cir. 1995)

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

1308407.1:820215:01410

## INSTRUCTION NO. 30:

### EXEMPLARY OR PUNITIVE DAMAGES - INABILITY TO DETERMINE THAT CONDUCT IS PROHIBITED

Where there is no clear and existing legal authority which gives notice to a person or company that its conduct is prohibited, actions taken in the absence of such clear and existing legal authority do not constitute reckless disregard of another's rights, or intentional and malicious conduct towards another, so as to justify an award of punitive damages.

**AUTHORITY:** *Voiles v. Santa Fe Minerals, Inc.,* 1996 OK 13, 911 P.2d 1205, *Dotson v. Rainboldt,* 894 P.2d 1109, 1115 (Okla. 1995); *Flores v. Carnival Cruise Lines,* 47 F.3d 1120, 1127 (11th Cir. 1995); *Saunders v. General Service Corp.,* 659 F. Supp. 1042, 1061 (E.D. Va. 1987); *Nees v. Hock,* 536 P.2d 512 (Ore. 1975)

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

1308407.1:820215:01410

**INSTRUCTION NO. 31:**

EXEMPLARY OR PUNITIVE DAMAGES -
CONDUCT BELIEVED TO BE IN COMPLIANCE WITH LAW

The act justifying an award of punitive damages must be actuated by, or must be accompanied with, some evil intent or must be the result of such gross negligence or disregard of another's rights as is deemed equivalent of such intent.

Where there are legitimate reasons for a person or company's conduct, the intent necessary for an award of punitive damages does not exist. Those legitimate reasons may include a good faith, though mistaken, understanding of the law.  A good faith belief in, and efforts to comply with, all government regulations is evidence of conduct inconsistent with the mental state required for an award of punitive damages.

**AUTHORITY:**  *Hamilton v. Amwar Petroleum Co.,* 769 P.2d 146, 149 (Okla. 1989); *Silkwood v. Kerr-McGee Corp.,* 485 F.Supp. 566, 584 (W.D. Okla. 1979), *aff'd in part, rev'd in part on other grounds,* 667 F.2d 908, *rev'd on other grounds,* 104 S.Ct. 615, 464 U.S. 238, 78 L.Ed.2d 443, *on remand,* 769 F.2d 1451; *Myers v. Maxey,* 915 P.2d 940, 947 (Okla. Civ. App. 1996); *JCB v. Union Planters Bank,* 539 F.3d 862, 873 (8th Cir. 2008); *Brewer v. Wal-Mart Stores, Inc.* 87 F.3d 203, 207 (7th Cir. 1996); *Russell v. Dairyland Ins. Co.,* 580 F. Supp.726, 730 (N.D. Ga. 1984); *Harrison v. Allstate Ins. Co.,* 662 So. 2d 1092 (Miss. 1995).

**GIVEN:**      _____

**REFUSED:**    _____

**MODIFIED:**   _____

1308407.1:820215:01410

## INSTRUCTION NO. 32:

### EXEMPLARY OR PUNITIVE DAMAGES - FIRST STAGE

If you find in favor of Plaintiff and grant it actual damages, then you must also find by a separate verdict, whether Defendant acted in reckless disregard of the rights of others and/or acted intentionally and with malice towards others;

Plaintiff has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Defendant was in reckless disregard of another's rights if Defendant was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendant acted in reckless disregard of the rights of others or intentionally and with malice towards others, you may award punitive damages against Defendant in a later part of this trial. If you find that Defendant did not act in reckless disregard of the rights of others or intentionally and with malice towards others, you may not award punitive damages against Defendant.

- 39 -

**AUTHORITY:**   OUJI (3d) CIV. No. 5.6

**GIVEN:**  _____

**REFUSED:**  _____

**MODIFIED:**  _____

## INSTRUCTION NO. 33:

### EXEMPLARY OR PUNITIVE DAMAGES - SECOND STAGE

Ladies and Gentlemen of the jury, you have found in favor of the plaintiff and granted him/her actual damages, and you have also found by a separate verdict that the defendant **(acted with reckless disregard of the rights of others) (and/or) (acted intentionally and with malice towards others)**.

You may now, in addition to actual damages, grant the plaintiff punitive damages in such sum as you reasonably believe will punish Defendant and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiff, but as punishment to Defendant, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

[You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the plaintiff was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendant directly on account of harms that Defendant may have caused to others.]

In determining the amount of punitive damages, you may consider the following factors:

1308407.1:820215:01410

1.     The seriousness of the hazard to the public arising from Defendant's misconduct;

2.     The profitability of the misconduct to Defendant;

3.     How long the conduct lasted and whether it is likely to continue;

4.     Whether there were attempts to conceal the misconduct;

5.     How aware Defendant was of the conduct and its consequences and how aware Defendant was of the hazard and of its excessiveness;

6.     The attitude and conduct of Defendant upon finding out about the misconduct/hazard;

7.     The financial condition of Defendant;

8.     The number and level of employees involved in causing or concealing the misconduct.

In no event should the punitive damages exceed the greater of: (Select One)

[$100,000.00 or the amount of actual damages you have previously awarded].

OR

[$500,000.00, or twice the amount of actual damages you have previously awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to the plaintiff].

**AUTHORITY:**   OUJI (3d) CIV. No. 5.9

**GIVEN:**          _____

**REFUSED:**       _____

**MODIFIED:**      _____

**INSTRUCTION NO. 34:**

NO SPECULATION

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

**AUTHORITY:**   OUJI (3d) CIV. No. 3.3

**GIVEN:**   _____

**REFUSED:**   _____

**MODIFIED:**   _____

1308407.1:820215:01410

**INSTRUCTION NO. 35:**

BURDEN OF PROOF – GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

**AUTHORITY:**   OUJI (3d) CIV. No. 3.1

**GIVEN:**            _____

**REFUSED:**        _____

**MODIFIED:**      _____

- 44 -

## INSTRUCTION NO. 36:

BURDEN OF PROOF -- CLEAR AND CONVINCING EVIDENCE

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

**AUTHORITY:**   OUJI (3d) CIV. No. 3.2

**GIVEN:**            _____

**REFUSED:**        _____

**MODIFIED:**       _____

1308407.1:820215:01410

## INSTRUCTION NO. 37:

### ALTERNATIVE THEORIES OF RECOVERY

You are instructed that Plaintiff and the class members are entitled to recover only once for the damages, if any, they have sustained relating to each of their respective claims against Defendant, even though they assert such claims on the basis of more than one legal theory of recovery.

**AUTHORITY:**  *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 700 P.2d 1023, 1027-28 (Okla. App. 1983)

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

## INSTRUCTION NO. 38:

### DEFENSES

If, after considering Plaintiff's evidence and Defendant's rebuttal of that evidence, you find Plaintiff has established each and every element of their claim, only then should you concern yourselves with the defenses offered by Defendant.

With regard to any of Defendant's defenses, remember that Plaintiff must disprove the defense by the greater weight of the evidence. In other words, Defendant establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.

If you find Plaintiff has successfully rebutted the defense, then you must find for Plaintiff. If you find Defendant has established Defendant's defense, then you must find for Defendant.

**AUTHORITY:**   Federal Jury Practice and Instructions § 171.70 (modified)

**GIVEN:**   _____

**REFUSED:**   _____

**MODIFIED:**   _____

1308407.1:820215:01410

## INSTRUCTION NO. 39:

### EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a greater weight of the evidence in the case in accordance with the other instructions.

**AUTHORITY:**   Federal Jury Practice and Instructions § 106.02 (modified)

**GIVEN:**   _____

**REFUSED:**   _____

**MODIFIED:**   _____

1308407.1:820215:01410

**INSTRUCTION NO. 40:**

DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**AUTHORITY:**    Federal Jury Practice and Instructions § 106.01
**GIVEN:**        _____
**REFUSED:**      _____
**MODIFIED:**     _____

1308407.1:820215:01410

## INSTRUCTION NO. 41:

ELECTION OF FOREPERSON – GENERAL VERDICT

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience. *[Read forms of verdict].*

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

**AUTHORITY:**   Federal Jury Practice and Instructions § 106.04

**GIVEN:** _____

**REFUSED:** _____

**MODIFIED:** _____

1308407.1:820215:01410

**INSTRUCTION NO. 42:**

VERDICT FORMS – JURY RESPONSIBILITY

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**AUTHORITY:**   Federal Jury Practice and Instructions § 106.07

**GIVEN:**   _____

**REFUSED:**   _____

**MODIFIED:**   _____

1308407.1:820215:01410

## INSTRUCTION NO. 43:

## COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he or she too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**AUTHORITY:**     Federal Jury Practice and Instructions § 106.08
**GIVEN:**         _____
**REFUSED:**       _____
**MODIFIED:**      _____

1308407.1:820215:01410

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

BY:
        s/ Mark Banner
Mark Banner, OBA #13243
James C.T. Hardwick, OBA #3845
Pamela S. Anderson, OBA #11613
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Tel: 918.594.0400/Fax:  918.594.0505
Email:  mbanner@hallestill.com
       jhardwick@hallestill.com
       panderson@hallestill.com

**ATTORNEYS FOR DEFENDANT, QEP ENERGY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Conner L. Helms
Gary Underwood
Darren R. Cook
Erin M. Moore

        s/ Mark Banner

1308407.1:820215:01410