IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NAYLOR FARMS, INC., | ) |
|         Plaintiff, | ) |
| v. | ) |
| (2) ANADARKO OGC COMPANY, AS SUCCESSOR IN INTEREST TO UNION PACIFIC OIL AND GAS COMPANY f/k/a AMAX OIL AND GAS, INC.; | ) Case No. CIV-08-668-R |
| (3) QUESTAR EXPLORATION AND PRODUCTION CO.; | ) |
| (4) GPM GAS CORPORATION; | ) |
| (5) DUKE ENERGY FIELD SERVICES, INC., | ) |
| (6) DCP MIDSTREAM, L.P., | ) |
|         Defendants. | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT WITH ANADARKO OGC COMPANY**

Plaintiff Naylor Farms, Inc. ("Naylor"), individually and on behalf of a class of royalty owners, and Anadarko OGC Company f/k/a Union Pacific Oil and Gas Company f/k/a Amax Oil & Gas Inc. ("Anadarko OGC") file this Joint Motion for Preliminary Approval of Class Action Settlement and request that this Court preliminarily approve the terms of the proposed class action settlement of the claims against Anadarko OGC, approve the form and method of notice of the settlement of the class claims against Anadarko OGC and schedule a final hearing regarding the settlement. In support of their motion, Naylor and Anadarko OGC show the following:

{994944;}

## **INTRODUCTION**

This class action was brought by Naylor as representative of a class of royalty owners in gas wells in Beaver and Texas Counties, Oklahoma. On August 26, 2009, the Court certified the case as a class action against Anadarko OGC, among others. Anadarko OGC operated wells falling within the class definition through early 1994, with its last sales taking place the end of March 1994, when its interests in Beaver and Texas Counties were acquired by QEP Energy Company, formerly named Questar Exploration and Production Company ("QEP"). QEP has identified 18 wells located across Beaver and Texas counties that fall within the definition of the class as certified; however, not all of the 18 wells were operated by Anadarko OGC. Rather, Anadarko OGC has identified two (2) wells, the Naylor 1-21 and the Stevenson 1-31, that it operated that fall within the class definition, with Anadarko selling its interests in the wells in early 1994. The data available shows that the total of all royalty paid on the two (2) wells during the Anadarko OGC time period was approximately $100,000, with the amount in dispute being a fraction of the total.

Anadarko OGC denies the allegations as pleaded by Naylor in Plaintiffs' First Amended Petition. Moreover, Anadarko OGC alleges that all of the class claims against Anadarko OGC are barred by limitations as this lawsuit was filed on or about May 27, 2005, more than ten years after Anadarko OGC sold its interests in all potential class wells.

In order to avoid the expense and uncertainty relating to litigating Naylor's claims and the claims of the class, Naylor and Anadarko OGC have entered into a proposed

{994944;}

settlement. Naylor and Anadarko OGC now ask the Court to sign an order preliminarily approving the proposed settlement, approving the class notice and establishing a date for a fairness hearing.

## THE PROPOSED SETTLEMENT

Under the proposed Stipulation of Settlement, which is attached hereto as Exhibit 1, Anadarko OGC agrees to pay a total of $55,000 for a dismissal and release of the class claims. Based on the investigation of the claims against Anadarko OGC, and considering all other circumstances, including the limitations defense asserted by Anadarko OGC, class counsel has concluded that the proposed settlement is fair, reasonable, adequate and in the best interest of all members of the class. Class counsel will file an application for attorneys' fees and costs and a class representative award pursuant to the deadlines set by the Court.

## ARGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, courts must approve a proposed class action settlement before the action is dismissed or compromised, analyzing whether the settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e). The Tenth Circuit Court of Appeals has outlined four factors to be considered by a trial court in determining whether to approve a class settlement:

1. Whether the proposed settlement was fairly and honestly negotiated;
2. Whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

{994944;}

3. Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

4. The judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc*., 741 F.2d 322, 324 (10th Cir. 1984).

Here, all of these factors weigh in favor of approving the proposed settlement. First, this settlement was the result of arms-length negotiations between Naylor and Anadarko OGC through their respective counsel, and there is no evidence of dishonesty in the negotiations. Next, the parties contend serious questions of law and fact exist. As evidenced by the testimony and argument at the class certification hearing and by the briefs filed on the issue of certifying questions to the Oklahoma Supreme Court, the parties strongly disagree about the factual and legal issues raised by this case. Third, the value of an immediate recovery to the class outweighs the possibility of litigation against Anadarko OGC, particularly given the limitations defense which, if successful, would completely defeat the claims against Anadarko OGC. Finally, class counsel and Naylor are of the opinion that this settlement is fair, adequate and should be approved. In sum, all factors point to the approval of the proposed settlement as the best option to satisfy the claims of the class against Anadarko OGC.

## **THE PROPOSED NOTICE IS ADEQUATE**

Rule 23 requires that notice of the proposed settlement be provided to the class members. Fed. R. Civ. P. 23(e)(1). Notice must be made "in a reasonable manner to all class members who would be bound by the proposal." *Id.* The proposed notice to be used for the settlement with Anadarko OGC is attached as Exhibit 2. Naylor and

Anadarko OGC propose that Naylor mail the notice via First Class mail to all members of the class who have not previously excluded themselves, using the last known addresses for members of the class.

For the foregoing reasons, Naylor and Anadarko OGC respectfully request that the Court (1) preliminarily approve the proposed settlement; (2) approve the content and method of the proposed notice to the class members; and (3) establish a date for the fairness hearing for final approval of the settlement.

{994944;}

/s/ Conner L. Helms
Conner L. Helms, OBA No. 12115
Gary R. Underwood, OBA No. 9154
HELMS UNDERWOOD & COOK
One NE Second Street, Suite 202
Oklahoma City, Oklahoma 73104
Telephone:  (405) 319-0700
Facsimile:   (405) 319-9292

***Attorneys for Plaintiff Naylor Farms, Inc.***


/s/Lisa T. Silvestri
*(Signed by Filing Attorney with permission of Defendant's Attorney)*
Lisa T. Silvestri, OBA No. 19239
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990

and

Rob F. Robertson, OBA No. 12455
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson Ave.
Oklahoma City, OK 73102-7101
Telephone:  (405) 235-5500
Facsimile:   (405) 235-2875

***Attorneys for Anadarko OCG Company f/k/a Union Pacific Oil and Gas Company f/k/a Amax Oil & Gas Inc.***

{994944;}

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of June 2012, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable CM/ECF registrants as listed below:

    James C.T. Hardwick
    Mark Banner
    Pamela S. Anderson
    HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON
    320 South Boston, Suite 400
    Tulsa, OK  74103-3704

    /s/ Conner L. Helms_____
    Conner L. Helms

{994944;}