IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NAYLOR FARMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| (2) ANADARKO OGC COMPANY, AS SUCCESSOR IN INTEREST TO UNION PACIFIC OIL AND GAS COMPANY f/k/a AMAX OIL AND GAS, INC.; | ) ) ) ) Case No. CIV-08-668-R |
| (3) QUESTAR EXPLORATION AND PRODUCTION CO.; | ) ) |
| (4) GPM GAS CORPORATION; | ) |
| (5) DUKE ENERGY FIELD SERVICES, INC., | ) ) |
| (6) DCP MIDSTREAM, L.P., | ) |
| | ) |
| Defendants. | |

## ORDER AND FINAL JUDGMENT AS TO ANADARKO OGC COMPANY

On October 3, 2012, the Court conducted a final fairness hearing on the proposed settlement of Plaintiff Naylor Farms, Inc. ("Naylor"), individually and as class representative, and Defendant Anadarko OGC Company f/k/a Union Pacific Oil and Gas Company f/k/a AMAX Oil and Gas, Inc. ("Anadarko OGC") as described in the Stipulation of Settlement between them (Dkt. No. 309-1) ("Anadarko OGC Stipulation"). Also considered at this hearing was the Motion for Class Counsel's Attorney's Fees, Expenses and for Class Representatives' Fee (Dkt. No. 315) and Class Counsel's Supplement to Motion for Class Counsel's Attorney's Fees, Expenses (Dkt. No. 321). After consideration of the matters presented at the hearing, and upon review and consideration of the Anadarko OGC Stipulation filed by these parties on June 20, 2012 and the terms and conditions expressed therein, it is ORDERED as follows:

The Anadarko OGC Stipulation is incorporated by reference in this Order. All capitalized terms herein shall have the identical meaning as set forth in the Anadarko OGC Stipulation.

The Court grants final approval to the Anadarko OGC Stipulation and finds that the settlement set forth therein is fair, reasonable and adequate.

No persons and entities have timely excluded themselves from the Plaintiff Class as to the settlement with Anadarko OGC. The Court orders that each class member is bound by the terms and provisions of the Anadarko OGC Stipulation and has released all Settled Claims.

The Court finds that notice of the settlement was given to the Plaintiff Class in accordance with the terms and provisions of the Anadarko OGC Stipulation, and that the form and method of notice was reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Court approves an award of attorneys' fees to counsel for the Plaintiff Class in the amount of $17,500.00 from the Anadarko OGC settlement. The Court finds this amount to be fair, reasonable and appropriate. The Court further approves an award of $17,500.00 in expenses from the Anadarko OGC settlement to be paid to Helms Underwood & Cook. The Court finds this amount to be fair, reasonable and appropriate. The balance of the $55,000.00 settlement ($20,000.00) shall be allocated $10,000.00 to the Naylor 1-21 well and $10,000.00 to the Stevenson well and distributed to the royalty owners pursuant to each owner's interest in each well.

All claims against Anadarko OGC, as stated in the First Amended Petition, are hereby dismissed with prejudice. Pursuant to Fed. R. Civ. P. 54(b), this Order is a Final Judgment as to Anadarko OGC. Any further orders and proceedings regarding the Anadarko OGC Stipulation

shall in no way disturb or affect this order of dismissal and shall be separate and apart from this order of dismissal.

    IT IS SO ORDERED this 5th day of October, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE