**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) NAYLOR FARMS, INC.,**  **Plaintiff,**  v.  **(2) ANADARKO OGC COMPANY, AS SUCCESSOR IN INTEREST TO UNION PACIFIC OIL AND GAS COMPANY f/k/a AMAX OIL AND GAS, INC.;**  **(3) QUESTAR EXPLORATION AND PRODUCTION CO.;**  **(4) GPM GAS CORPORATION;**  **(5) DUKE ENERGY FIELD SERVICES, INC.,**  **(6) DCP MIDSTREAM, L.P.,**  **Defendants.** | **Case No. CIV-08-668-R** |

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEYS'
FEES AND COSTS, AWARDING CLASS REPRESENTATIVE
FEES, AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER COMES ON FOR HEARING before the Court this 3rd day of October, 2012, pursuant to this Court's Order Preliminarily Approving Class Settlement entered June 20, 2012 [Doc. 310] (the "Preliminary Order") issued pursuant to Joint Motion For Preliminary Approval Of Settlement Agreement, And For Approval Of Notice Of Settlement And Plan Of Notice, And Setting A Date Certain For Fairness Hearing filed herein June 20, 2012 [Doc. 308] requesting this Court's approval of a Stipulation of a Settlement filed herein on June 20, 2012 [Doc. 308-1] between Naylor Farms, Inc. ("Naylor"), individually and on behalf of a class of royalty owners, and QEP

Energy Company, formerly known as Questar Exploration and Production Company ("QEP"). Connor L. Helms and Gary R. Underwood of the firm of Helms, Underwood & Cook appeared on behalf of the Class Representative, Naylor, and the royalty owner class, and James C. T. Hardwick and Mark Banner of the firm of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., appeared on behalf of QEP.

The Court having reviewed the Stipulation of Settlement and all related pleadings and filings, as well as Plaintiff's Unopposed Motion To Appoint Barbara Ley, P.C. As The Settlement Administrator, filed herein July 20, 2012 [Doc. 314], Order filed herein July 23, 2012 [Doc. 316] appointing Barbara Ley, P.C. as Settlement Administrator, Motion For Class Counsel's Attorney Fees, Expenses And For Class Representative's Fee And Brief In Support filed herein July 20, 2012 [Doc. 315], and Class Counsel's Supplement To Motion For Class Counsel's Attorneys' Fees, Expenses filed herein September 26, 2012 [Doc. 321], and Order Extending Opt-Out Dates And Objection Dates For Royalty Owners In The QEP Settlement With Lease Forms B, F, K & O filed herein August 31, 2012 [Doc. 317], and having conducted a fairness hearing, and being fully advised in the premises, finds, orders, and adjudges as follows:

1. This Court previously certified the below-described Class in this Lawsuit by Order issued on August 26, 2009:

> All persons or entities (except agencies, departments or instrumentalities of the United States of America and persons or entities whom plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct) who own or owned minerals subject to an oil and gas lease or pooling order of the Oklahoma Corporation Commission, which minerals were included in a drilling and spacing unit wherein:

    a) Questar or Anadarko, as successor in interest to Union Pacific Oil & Gas Company, formerly known as Amax Oil & Gas Inc., are/were owners of a right to drill and produce oil, gas and other hydrocarbons from said drilling and spacing unit in/or said drilling and spacing is/was operated by Questar or Anadarko (the "Defendant Operators"); and

    b) A well drilled, completed and produced within said drilling and spacing unit is/was subject to a gas purchase agreement wherein the operator of the well is/was paid a percentage of the net proceeds by GPM, Duke and/or DCP Midstream (the "Defendant Purchasers"); and

    c) The wells are located within Beaver and Texas Counties; and

    d) The royalty owners are paid only from the net proceeds received by the operator after the Defendant Purchasers received a fee for treating the hydrocarbons to make the same marketable; thus the royalty owners have been charged for gathering, dehydration, compression, fuel and marketing expenses.

2. The Class Representative, Class Counsel and QEP have executed a Stipulation of Settlement dated as of June 20, 2012, which Stipulation of Settlement was duly filed with the Court for preliminary approval on June 20, 2012 [Doc. 308-1].

3. The Stipulation of Settlement is hereby incorporated by reference in this Final Order and all terms defined in the Stipulation of Settlement will have the same meanings in this Final Order.

4. The Court, on June 20, 2012, entered the Preliminary Order preliminarily approving the Stipulation of Settlement [Doc. 310] and scheduling a fairness hearing for October 3, 2012, at 9:30 a.m. to, among other matters, (a) determine whether the settlement of this Lawsuit on the terms and conditions provided for in the Stipulation of

Settlement is fair, reasonable and adequate and should be finally approved by the Court; (b) determine whether a final judgment should be entered herein; (c) Class Counsel's Motion for fees and costs [Doc. 315]; (d) the Appointment of a Settlement Administrator; and (e) consider other matters related to the foregoing.

5. The Court further ordered that the notice of this hearing and of the proposed settlement be given in accordance with the Preliminary Order, and hereby finds that due and proper notice was so given in substantial conformity with the Preliminary Order.

6. Specifically, notice of this hearing and of the proposed settlement, as evidenced by the proofs of mailing and publication filed with the Court, (a) was properly mailed by Class Counsel to all Class Members (excluding persons that were excluded in response to the Initial Class Notice) based on the mailing addresses supplied by QEP to Class Counsel within thirty (30) days from entry of the Preliminary Order, (b) was published in the newspapers as provided in the Preliminary Order, and (c) was posted on Class Counsel's website.  In addition to the notice mailed to each Class Member, the BEFKO Class Members were also mailed a copy of the BEFKO Class Member Notice, as required by the Preliminary Order.  Further, in accordance with Order Extending Opt-Out Dates And Objection Dates For Royalty Owners In The QEP Settlement With Lease Forms B, F, K & O [Doc. 317], Class Counsel duly and timely mailed to the BFKO Class Members a Supplemental Special Notice To BFKO Class Members Of Class Action Settlement With QEP Energy Company.  The Court finds, orders, and adjudges that the notice of this hearing and of the proposed settlement and the procedure and manner of

giving notice were reasonable, adequate, proper and sufficient under Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution and the Due Process Clause of the State of Oklahoma, and represented the most practical means of giving notice under the circumstances. That is, the Class Members were given notice as required by law and in a manner that could be understood by the average Class Member, and fairly apprised them of the proposed settlement and their options. Further, each Class Member was afforded a reasonable opportunity to opt out of or object to the settlement. The Court therefore concludes it is unnecessary to afford further opportunity for the Class Members to opt out or object.

7. Of those persons that were Class Members at the time of giving the notice of this hearing and of the proposed settlement, Devon Energy Production Company, L.P. is the only such person that has validly opted out of this class settlement. Thus, Devon Energy Production Company, L.P. is no longer a Class Member, is not bound by any of the following provisions of this Final Order, and is not entitled to receive any distributions from the Settlement Fund as a result of this settlement.

8. The Court further finds that notice of the proposed settlement was served on the appropriate State official for each State in which a Class Member resides, and the appropriate Federal official, as required by and in conformance with the requirements of 28 U.S.C. § 1715(b) (the "1715(b) Notice") by mailing via First Class U. S. mail not later than ten (10) days after the proposed settlement was filed with this Court, and that the notice was in proper form to comply with the requirements of 28 U.S.C. § 1715(b). In connection therewith, the Court has determined that under 28 U.S.C. § 1715, the

- 5 -

appropriate Federal official was and is the Attorney General of the United States and that the appropriate State official for each State in which a Class Member resides was and is the State Attorney General for each such State.  Further, in connection therewith, the 1715(b) Notice contained the names of each of the Class Members who reside in each State and the estimated dollar value and estimated settlement amount of the claims of such Class Members and other information sufficient to comply with 28 U.S.C. § 1715(b)(7)(A).  Further, the 1715(b) Notice included a reasonable estimate of the number of Class Members residing in each State and the estimated proportionate share of the claims of such Class Members to the entire settlement as permitted by 28 U.S.C. § 1715(b)(7)(B).  Thus, the 1715(b) Notice is hereby found by the Court to be in proper form.  Further, no appropriate Federal or State official has entered an appearance or filed an objection to the entry of the final approval of this settlement.  Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Stipulation of Settlement and this Court's orders in furtherance thereof pursuant to the provisions of 28 U.S.C. § 1715.

9. In accordance with the Preliminary Order and the Notice of Settlement, the fairness hearing was duly conducted before this Court on October 3, 2012.  All named parties were present and represented by counsel.  No other persons appeared and there were no objections to the granting of this Final Order.

10. At the fairness hearing, the Court considered, among the other matters addressed in this Final Order, (a) the fairness, reasonableness and the adequacy of the

Stipulation of Settlement, (b) the fairness and reasonableness of Class Counsel's Motion for fees and costs under the applicable law, and (c) the approval of a Plan of Allocation and Distribution.

11. The Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Stipulation of Settlement and Class Counsel's Motion by considering not only the pleadings and arguments of Class Counsel and the evidence presented at the fairness hearing, but also by rigorously and independently evaluating on behalf of the absent Class Members the Stipulation of Settlement and Class Counsel's Motion. In so doing, the Court considered any argument that could reasonably be made against approval of same, even if such argument was not actually presented to the Court by pleading or oral argument. Following this review, the Court finds that the Stipulation of Settlement and Class Counsel's Motion should be and hereby are granted and/or approved.

12. The Court specifically finds that the settlement between the Class Representative and QEP embodied in the Stipulation of Settlement, and the amounts to be distributed according to the Plan of Allocation and Distribution, are fair, reasonable and adequate to the Class Members within the meaning of Fed. R. Civ. P. 23 and was entered into between the Class Representative, Class Counsel and QEP at arm's length and in good faith, and without collusion. The Stipulation of Settlement fairly reflects the complexity of the claims in this litigation (as evidenced, *inter alia*, by this Court certifying questions to the Oklahoma Supreme Court and the various dispositive motions filed herein by the parties during the course of this litigation), the duration of the

litigation and extent of discovery, and the balance between the benefits of settlement which inure to the Class Members as compared to the costs and risks associated with continued prosecution of this action. *See, e.g., In Re Integra Realty Resources, Inc.*, 3545 F.3d 1246 (10th Cir. 2004) (citing *Jones v. Nuclear Pharm. Inc.*, 741 F.2d 322 (10th Cir. 1984)). The Plan of Allocation and Distribution is likewise fair, reasonable, and adequate.

13. The Court further specifically finds that the settlement between the Class Representative and QEP provided for in the Stipulation of Settlement with respect to the BEFKO Class Members and the amount set aside and to be distributed to them is fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23, and was entered into between the Class Representative, Class Counsel and QEP at arm's length and in good faith and fairly reflects the fact that the Court entered summary judgment against the BEFKO Class Members to the extent of their claims under Lease Forms B, E, F, K and O as provided in this Court's Order of May 9, 2012 [Doc. 144], Order of April 14, 2011 [Doc. 209], and Order of September 14, 2011 [Doc. 228] (collectively, the "BEFKO Orders"). Further, the Court's conclusions and findings in this paragraph with respect to the BEFKO Class Members are not affected by the Court's ruling in *Hill v. Kaiser-Francis Oil Company*, Case No. CIV-09-07-R in the U. S. District Court for the Western District of Oklahoma, Order, August 16, 2012 [Doc. 366], but remain valid and appropriate. The BEFKO Orders herein have not been modified or altered but remain in full force and effect and are fully binding upon the BEFKO Class Members. Further, the fairness, reasonableness, adequacy, enforceability and validity of a settlement agreement

in a class action is to be judged based on the facts and circumstances as they existed at the time the settlement agreement was entered into, and not upon subsequent events. *Ehrheart v. Horizon Wireless*, F.3d 590 (3rd Cir. 2010); *In Re Syncor ERISA Litigation*, 516 F.3d 1095 (9th Cir. 2008); *Curiale v. Lenox Group, Inc.*, No. 07-1432, 2008 U. S. Dist. LEXIS 92851 (Ed. Pa. Nov. 14, 2008).

14.  At the fairness hearing, Class Counsel presented evidence that by the time this matter is concluded, Class Counsel's expert fees and other costs and expense of litigation will exceed $200,000.00, and requested that the Court therefore approve a request for expert fees and other litigation expenses in the amount of $200,000.00, resulting in an increase of $22,500.00 over the amount previously requested. Correspondingly, Class Counsel reduced their request for attorneys' fees by the same amount to a request for $770,000.00, plus fifty percent (50%) of the amounts payable to Opt-Outs who are BEFKO Class Members, in order that the amount be paid to the Class Members, the Class Representative's fee and the approved amount of fees and expenses of the Settlement Administrator would be remain the same.  Therefore,  the Court further finds that Class Counsel's request for attorneys' fees in the amount of $770,000.00 plus fifty percent (50%) of the amounts payable to Opt-Outs who are BEFKO Class Members, for expert fees and other litigation expenses in the amount of $200,000.00 and for a Class Representative's fee in the amount of $50,000.00, is fair and reasonable according to the Court's analysis of the following factors:

> 1) time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service property; 4) the preclusion of other employment by the

- 9 -

>    attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the 'undesirability' of the case (i.e. risk of non-recovery); 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

*Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 615 P.2d 291, 295 (Okla. 1980) (citing *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979)); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (3rd Cir. 1974).

15. Pursuant to Plaintiff's Unopposed Motion To Appoint Barbara Ley, P.C., As Settlement Administrator, filed herein July 20, 2012 [Doc. 314] and Order issued July 23, 2012 [Doc. 316], Barbara Ley, P.C., has heretofore been appointed as Settlement Administrator. The Court further finds that Barbara Ley, P.C., or Barbara Ley, individually, has previously acted as Settlement Administrator in class action settlements, and is qualified by reason of training and experience to act as Settlement Administrator to carry out the provisions of the Plan of Allocation and Distribution. The Court, therefore, confirms the appointment of Barbara Ley, P.C., as Settlement Administrator for the purpose of carrying out the duties provided in the Plan of Allocation and Distribution, and acting in accordance therewith and in accordance with the further orders of this Court. The Court further finds that the request for the approval of the amount of $25,000.00 for fees and expenses of the Settlement Administrator is fair and reasonable based on evidence presented by Class Counsel at the fairness hearing and conditioned

upon the stipulation that to the extent the fees and expenses of the Settlement Administrator exceed $25,000.00, that excess will be borne and paid by Class Counsel and will not be charged in computing the amounts to be distributed to the Class Members.

16. The Court further finds that the Plan of Allocation and Distribution presented to the Court conforms to the Stipulation of Settlement, provides a procedure by which the dollar amount of the settlement will be implemented and distributed to the Class Members and other persons entitled thereto, including procedures and instructions to the Settlement Administrator necessary to fully implement this settlement, and is fair, reasonable, adequate and equitable and is hereby approved.

17. In finally approving the Stipulation of Settlement as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23, including, but not limited to, the fairness of the allocation among the Class Members, the Court specifically notes that by agreeing to settle this Lawsuit, neither QEP nor the Class Members admit any of the claims, defenses or other assertions made against them by the opposing party, and that they specifically deny any and all liability to the opposing party. The Court therefore makes no rulings and expresses no opinions as to the merits of any claims or defenses, except to note that the Stipulation of Settlement is a fair compromise thereof and will result in substantial savings of time and resources to the Court and the parties, and will further the interests of justice.

18. This action and all claims asserted in this action are hereby DISMISSED WITH PREJUDICE to the refilling of same or any portion thereof. The Court retains jurisdiction to administer the settlement distribution process as contemplated in the

Stipulation of Settlement and in the Plan of Allocation and Distribution. Notwithstanding the jurisdiction that this Court retains to administer the settlement distribution process, this Final Order fully disposes of all claims and parties, and this Final Order therefore is a final appealable order and judgment. Additionally, there is no just reason for delay of entry of a final judgment in this case, and, pursuant to Fed. R. Civ. P. 54(b), the Court certifies this judgment as a final and appealable order. The Clerk of the Court is ordered to enter this as a final judgment in this case, which shall be immediately subject to appeal.

19. Each Class Member is ordered and adjudged to have conclusively released the Released Claims against the Released Parties.

20. Distributions of the Net Remaining Settlement Amount to the Class Members shall be based on the assumptions that (a) very few sales of royalty interests have occurred during the claim and class period, which comprises the period pertaining to gas produced from the Class Wells from January 1, 1994 through October 31, 2011, (b) where sales did occur, it was the intent of the parties that the buyer was entitled to receive payment for past claims, and (c) where royalty interests passed through inheritance, devise or interfamily transfers, it was the intent that the heir, or devisee or transferee also receive payment for past claims. To the extent that these assumptions are not correct in relation to particular transfers of interests, the Court orders that Class Members who receive payment to which they are not entitled shall in turn make payment to the proper party entitled to such payment.

21. Any Class Member who receives a payment pursuant to this settlement to which such person is not entitled and fails to make payment to the proper party pursuant to paragraph 20 above, shall indemnify QEP and QEP's counsel against any claim made against any of them by the party asserting entitlement to the payment, but only to the extent of the payment received. QEP shall have priority to recovery for the indemnity unless one of the other indemnitees has made payment to the proper party.

22. Class Members who do not receive distributions from the Net Settlement Amount as a result of the assumptions described in paragraph 20 above shall be deemed to have released the Released Claims against all Released Parties, regardless of whether the Class Member who did not receive a distribution from the Net Settlement Amount is entitled to some or all of the distribution made to another Class Member and regardless of whether the Class Member to whom the distribution was made does or does not comply with the Court's order to make payment to the proper party.

23. Each Class Member is hereby barred and permanently enjoined from prosecuting, commencing or continuing any of the Released Claims against the Released Parties, by way of claim, counterclaim, offset, or otherwise.

24. By agreeing to settle the claims of the Class Members asserted in this litigation, QEP does not admit, and specifically denies, any and all liability to the Class Members, the Class Representative and the Class Counsel.

25. All documents designated as confidential by any party pursuant to the Confidentiality Agreement and Protective Order in suit shall be returned to the producing

party within thirty (30) days after the date of this Final Order becoming final and non-appealable and/or as set forth in the Stipulation of Settlement.

26. This settlement between the Class Members and Class Representative and QEP, the Stipulation of Settlement, and the Plan for Allocation and Distribution, and carrying out of said Plan may never be used for any purpose in any subsequent litigation against QEP other than to enforce the terms of the Stipulation of Settlement and this Final Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED this 5th day of October, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

APPROVED:

PLAINTIFF'S COUNSEL AND CLASS COUNSEL

    s/Conner L. Helms
Conner L. Helms, OBA No. 12115
Gary R. Underwood, OBA No. 9154
HELMS UNDERWOOD & COOK, ATTORNEYS AND COUNSELORS AT LAW
One Northeast Second Street, Suite 202
Oklahoma City, Oklahoma 73104-2236
Telephone:  (405) 319-0700
Facsimile:   (405) 319-9292

APPROVED:

COUNSEL FOR QEP

    s/James C. T. Hardwick
James C. T. Hardwick, OBA No. 3845
Mark Banner, OBA No. 13243
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
Telephone: (918) 594-0400
Facsimile: (918) 594-0505